

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2009

# Rodney Wells v. Roger King

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1842

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Rodney Wells v. Roger King" (2009). *2009 Decisions.* Paper 856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-251                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1842
_____

RODNEY WELLS,
                                              Appellant
v.

ROGER KING
ASSISTANT DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA, ET AL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Misc. No. 08-MC-00124)
District Judge:  Honorable Jan E. Dubois

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2009
Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 5, 2009
_____

OPINION
_____

PER CURIAM

    Rodney Wells appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, denying his motion and supplemental motion filed

1

pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).[1]

Because the appeal presents no substantial question, we will summarily affirm the District

Court's judgment. Third Circuit LAR 27.4.[2]

Wells was sentenced on September 3, 1986 to life imprisonment for murder and

five to ten years imprisonment for possession of an instrument of crime and conspiracy.[3]

More than twenty years later, after several unsuccessful attempts to challenge this

conviction, Wells filed his Hazel-Atlas motion, and a supplement thereto, in the District

Court. Wells argued that the District Court should "nullify his conviction and sentence

that was procured via 'intentional fraud upon the Court' via [the state prosecutor]".

Hazel-Atlas motion at 4.[4] The District Court was persuaded by several federal court

opinions that it lacked authority to review the issue of fraud on a state court under Hazel-

---

[1] The Supreme Court has held that "the inherent power [of a federal court] allows [it] to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Thus, a motion alleging fraud on the court is sometimes called a "Hazel-Atlas" motion.

[2] The District Court Order and Memorandum Opinion also denied three other motions, two of which the Court found were moot, and one of which the Court found it lacked jurisdiction to address, as the matter addressed in that motion was related to another of Wells' cases that was pending in this Court on appeal. Wells has not contested the denial of these three motions.

[3] The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision.

[4] Wells argued that the Assistant District Attorney who prosecuted him did not disclose that a key witness had an immunity agreement with the Commonwealth.

2

Atlas. The Court also held that even if it were to reach the merits of Wells' motion, it would find that he had "failed to satisfy the rigorous standard established for independent actions alleging fraud upon the court." Dist. Ct. Op. at 9. Wells filed a "Petition for Permission to Appeal," which was construed as a timely notice of appeal.

On appeal, Wells argues that the District Court's holding that it could not grant equitable relief under Hazel-Atlas in a matter arising from a state criminal trial is inconsistent with the rights he is guaranteed under the Sixth and Fourteenth amendments. However, Wells does not recognize that federal courts are courts of limited jurisdiction which possess only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal courts are to presume that a cause lies outside of their jurisdiction, and it is the burden of the party asserting jurisdiction to prove otherwise. Id. Although the Supreme Court has held in Hazel-Atlas and Chambers that a federal court has the inherent power to vacate its own judgments when they have been procured by fraud, those cases were both civil cases. Wells has not pointed to any authority holding that a federal court has inherent power to overturn a state criminal conviction on the basis of fraud.

In fact, we recently held that a federal court does not have inherent power to vacate a federal criminal conviction procured by fraud. See United States v. Washington, 549 F.3d 905, 917 (3d Cir. 2008). We found there was an "absence of authority suggesting a longstanding inherent power of a district court to vacate a criminal sentence based on

3

fraud" and that any such inherent power was abrogated by Congress pursuant to 18 U.S.C. § 3582(c) and Federal Rule of Criminal Procedure 35(a), which provide limited circumstances in which a district court may correct a federal criminal sentence. Washington, 549 F.3d at 914, 916-17. We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[5] Accordingly, we will affirm the judgment of the District Court.

---

[5] Cf. Gonzalez v. Secretary for Dept. of Corrections, 366 F.3d 1253, 1284-85 (11th Cir. 2004) (Rule 60(b) relief will not be granted to reopen final judgment denying federal habeas relief where alleged fraud was perpetrated on state court rather than federal court). A movant's allegation that fraud on the state court violated his federal constitutional rights is simply a new federal constitutional claim subject to the successive petition rules of 28 U.S.C. § 2244(b)(2).